UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PHILIP RAYMOND CHURCH,

        Petitioner,

vs.

LAWRENCE WASDEN,

        Respondent.

Case No. 1:22-cv-00001-BLW

**INITIAL REVIEW ORDER**

    Petitioner Philip Raymond Church, a prisoner in custody of the Idaho Department of Correction (IDOC), has filed a Petition for Writ of Habeas Corpus challenging an Idaho state court decision denying him credit for time served for the period of time he spent on probation before his probation was revoked. (Dkt. 1.) Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached

**INITIAL REVIEW ORDER - 1**

exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Upon review of the record, the Court concludes that the Petition is subject to dismissal for failure to state a federal claim upon which relief can be granted.

## REVIEW OF PETITION

**1.     Background**

In his Petition for Writ of Habeas Corpus, Petitioner asserts that the Idaho Code § 19-2603 entitles him to credit for the time period he was on probation. Petitioner was sentenced on September 30, 2019. Therefore, his sentence falls under the revised probation statute that was enacted in 2015. That statute provides:

> When the court finds that the defendant has violated the terms and conditions of probation, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, revoke probation. The time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence. The defendant shall receive credit for time served from the date of service of a bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and for any time served as a condition of probation under the withheld judgment or suspended sentence.

I.C. § 19-2603 (2015).

**INITIAL REVIEW ORDER - 2**

Petitioner raised a claim in the state district court to obtain credit for 9.5 years of time served during his three tries at probation, and the claim was denied. On appeal, the Idaho Court of Appeals issued an opinion affirming denial of the credit. *See* Exhibit 1. He filed a petition for review, which was denied by the Idaho Supreme Court. *See* Dkt. 1, p. 2.

The Idaho Court of Appeals determined:

> Based upon the express language of the statute dictating that probation will not be calculated for credit for time served, the district court concluded no credit was due for the time that Church was on probation. Because Church's claim is inconsistent with the plain language of I.C. § 19-2603, he has failed to show that the district court erred by denying him additional credit for the time he was on probation.

*See* Exhibit 1 to this Order, *State v. Church*, No. 48603, 2021 WL 4205690, at *1 (Idaho Ct. App. Sept. 16, 2021).

2.   Analysis

Petitioner's claim fails on federal habeas corpus review for several reasons. First, he has not shown that his claim based on the failure to credit his sentence for time served on probation has a federal constitutional basis. Rather, it appears to be a matter of state law statutory interpretation. Construing Petitioner's claim liberally, the Court concludes that Petitioner's claim fails. A federal court may review a state court's interpretation of state law under the Fourteenth Amendment's Due Process Clause *only* when the state

**INITIAL REVIEW ORDER - 3**

court's interpretation is (1) "untenable," meaning "incapable of being maintained or supported,"[1] or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975).

The state court interpretation of I.C. § 29-2603—far from being untenable—is based upon the express language of the statute. If there was any question about the three different time frames eligible for credit, the statute unambiguously states that no credit is available for time that the convicted felon was "at large under such suspended sentence." *See id*. It is untenable to interpret "at large" to mean only if a probationer has absconded, because "at large" is followed by "under such suspended sentence." Petitioner does not suggest any other way the statute could be interpreted to support a position that the Idaho Court of Appeals' interpretation is untenable.

Nor does the Court find any "subterfuge to avoid federal review" here. The interpretation of state statutes is a matter for state courts to determine,[2] and there is no indication that the Idaho courts are simply attempting to keep a federal issue out of

---

[1] Oxford English Dictionary online, http://dictionary.oed.com, *untenable* (2d. ed. 1989).

[2] *See Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.").

**INITIAL REVIEW ORDER - 4**

federal court or that they otherwise have an ulterior motive for deciding this issue as they have.

**3.     Conclusion.**

Petitioner has stated no federal basis for his state law statutory interpretation claim. Even construed as a federal due process claim, the factual basis fails to meet the standard of law for federal habeas corpus relief.

## ORDER

Accordingly, **IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED and DISMISSED for failure to state a federal claim upon which relief can be granted.



DATED: August 25, 2022

_____
B. Lynn Winmill
U.S. District Court Judge